Form 314

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | | |
|---|---|---|
| **Richard L. Nisewonger Sr.** | : | Case No. 19−70166−JAD |
| **aka Richard L. Nisewonger** | : | Chapter: 13 |
| **Michelle A. Nisewonger** | : | Next Hearing Date: June 27, 2019 at |
| **fka Michelle A. Gillespie** | : | 3:00 PM |
| *Debtor(s)* | | |

## ORDER

    *AND NOW,* this *The 2nd of May, 2019,* as a result of the Proceeding held on April 26, 2019, it is hereby **ORDERED, ADJUDGED and DECREED** as follows: (only the provisions checked below apply to this case).

☐      A.      The Parties cannot resolve the plan disputes, therefore, **on or before June 13, 2019,** all *Objections* to the proposed *Plan*, if any, shall be filed and served on Debtor, Chapter 13 Trustee and any creditor whose claim may be affected by the Objection. ***Objections which are not timely filed will not be considered.***

    *On June 27, 2019 at 03:00 PM,* a Conciliation Conference is scheduled in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219 at which time the Proponent of any *Objection* to the *Plan* and Counsel for the Debtor(s) shall appear and mediate the issues raised in the *Objection*.

    If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☑      B.      *On or before May 17, 2019,* the Debtor shall file an *Amended Plan*, serving a copy of the *Amended Plan* and this *Order* on the Chapter 13 Trustee and all interested parties (all Parties listed on the current mailing matrix) and file a Certificate of Service with the Clerk of the Bankruptcy Court. *Failure to timely comply with the filing of the Amended Plan referred to in this Order will result in the automatic dismissal of this case without further notice or hearing.* **On or before June 13, 2019, Objections** to the proposed *Plan*, if any, shall be filed and served on Debtor, Chapter 13 Trustee and any creditor whose claim may be affected by the Objection. ***Objections which are not timely filed will not be considered.***

    *On June 27, 2019 at 03:00 PM,* a Conciliation Conference is scheduled in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219 at which time the Proponent of any Objection to the Plan and Counsel for the Debtor(s) shall appear and mediate the issues raised in the Objection.

    If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

continued on reverse side or next page

☑        C.        Only counsel for a Johnstown Debtor(s) in the Johnstown area may participate in plan conciliation conferences by telephone. Counsel for the Debtor outside of the Johnstown area may appear telephonically, ONLY IF Counsel for the Debtor is responsible for originating the telephone call to the Chapter 13 Trustee's meeting room, by calling, 412−258−3557 at the time designated for the conciliation conference. If applicable as stated above, any party filing an objection to the plan must make arrangements with counsel for the Debtor to be included in the call, utilizing a third−party conference call service if necessary. The call shall not be placed to the Trustee's meeting room until AFTER all parties have been connected to the call. Only the parties who file and serve timely objections will be included in the telephonic hearing.

It is **FURTHER ORDERED** that the Debtor shall timely make full plan payments to the Chapter 13 Trustee, on or before the date upon which the respective plan payment is due, *time being of the essence*. The first payment is due thirty (30) days after the Chapter 13 Plan has been filed. Any failure to make pre−confirmation payments to the Trustee may result in the dismissal of the case upon the Trustee.s written or oral motion made prior to the or at the plan confirmation hearing.

Jeffery A. Deller
United States Bankruptcy Judge

If Paragraph A, above, is checked, Case Administrator to serve all Parties on the Mailing Matrix.

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                  Case No. 19-70166-JAD
Richard L. Nisewonger, Sr.                                              Chapter 13
Michelle A. Nisewonger
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-7          User: jhel              Page 1 of 1              Date Rcvd: May 02, 2019
                              Form ID: 314            Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 04, 2019.
db/jdb         +Richard L. Nisewonger, Sr.,    Michelle A. Nisewonger,    1929 Walton Avenue,
                Altoona, PA 16602-4543

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                             TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 04, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 2, 2019 at the address(es) listed below:
              James Warmbrodt    on behalf of Creditor    FREEDOM MORTGAGE CORPORATION bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com,
               srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
              Theresa C   Homady    on behalf of Debtor Richard L. Nisewonger, Sr. thomady1@msn.com,
               homady@gmail.com;homadylaw@gmail.com;kac52on@gmail.com;tchomady@comcast.net;thomadybk@gmail.com
              Theresa C   Homady    on behalf of Joint Debtor Michelle A. Nisewonger thomady1@msn.com,
               homady@gmail.com;homadylaw@gmail.com;kac52on@gmail.com;tchomady@comcast.net;thomadybk@gmail.com
                                                                                             TOTAL: 6